BAIRD, Appellant, vs. EDMONDS and another, Respondents.

*October 12—December 7, 1937.*

210

*Vernon J. McHale* of Antigo, for the appellant.
*James R. Durfee* of Antigo, for the respondents.

NELSON, J. The first question for decision is whether the trial court erred in granting a new trial because the ver-

dict rendered by the jury is inconsistent and cannot support a judgment.

The trial court, apparently, was to some extent confused in considering the verdict and in concluding that the verdict is inconsistent. It will be recalled that the jury found that the defendant Edmonds' agent was negligent "in respect to the position of the towed automobile on the highway," and that Hartl was likewise negligent "in respect to the position of his automobile on the highway." The action was brought by the plaintiff to recover damages from the defendant, Edmonds, for the negligent act of his servant or agent, while in the pursuit of Edmonds' business, and also to recover damages from the defendant, Hartl, her host, for his negligence. The collision, which caused the plaintiff's injuries, was between a farm truck belonging to Hartl, in which she was riding, and a disabled truck which was being towed by a wrecker belonging to Edmonds, and operated at the time of the collision by his agent or servant. The disabled truck was being hauled or towed backwards. Its rear end was suspended by a chain or chains which ran through the pulley of the crane attached to the rear end of the wrecker. Its steering wheel had been chained for the purpose of preventing its front wheels from turning from side to side, and for the purpose of minimizing its swaying while it was being hauled along the highway. It was undisputed that while the defendant Hartl's truck was passing the wrecker and the disabled truck its left front wheel and fender collided with the right front wheel of the disabled truck.

The verdict which found that Edmonds' agent and Hartl were both negligent in respect to the positions of their automobiles on the highway just prior to or at the time of the collision, is clearly not inconsistent. Both the disabled truck and the Hartl truck were thereby found not to have been on their respective sides of the black line. Operators of cars which in fact are straddling the black line or encroaching upon it while proceeding in opposite directions and while

passing on a highway, may obviously each be negligent because neither operator gives to the other "at least one-half of the main traveled portion of the roadway as nearly as possible." Sec. 85.15 (4), Stats. Under such circumstances, a verdict which finds each operator was negligent in respect to the position of his automobile upon the highway clearly would not be inconsistent, and such a verdict would support a judgment in favor of a plaintiff guest, who was riding in one of the automobiles, against both her host and the operator of the other automobile. So, in the present action, the verdict clearly is not inconsistent. As rendered, it will support a judgment in favor of the plaintiff and against all of the defendants, and also support a judgment in favor of the defendant, Hartl, on his cross complaint against the defendants, Edmonds, and his insurance carrier, for the amount of his damages as diminished by the findings which the comparative-negligence law permits. Sec. 331.045, Stats. So the court erred in granting a new trial because the verdict was inconsistent.

The next question is whether the answers of the jury, or some of them, are not supported by the evidence, and for that reason should be changed. The trial court should have determined that question. It did not, however, do so because of its opinion that the verdict as rendered was inconsistent, and for that reason a new trial should be had. From a careful examination of the whole record, we are of the opinion that the evidence supports the findings of the jury that the agent of the defendant, Edmonds, was negligent in respect to the position of the towed automobile on the highway and in respect to control, and that such negligence in each respect was properly found to be a cause of the collision.

We, however, find no evidence in the record which reasonably supports the finding of the jury that the defendant, Hartl, was negligent in respect to the position of his automobile on the highway. The plaintiff testified that the Hartl car in which she was riding was being driven on its own side

of the black line. Mr. Baird, her husband, who was also riding in the car, testified that as the Hartl car passed the wrecker it was on its own side of the road; that it continued in a straight line until it was hit by the towed car when the latter swung into it; and as to certain marks on the highway which tended to show that the Hartl car was on its right side of the highway. Hartl testified that he was driving his car on the right side of the black mark, and drove his car straight ahead until his front wheel struck the towed truck, and that his car was on its right side of the black mark at all times. Wagner, the agent of Edmonds, who was driving the wrecker, testified that as the Hartl car approached him, Hartl was on his side of the road and continued on his side until he was opposite the cab of the wrecker; that as far as he could see, Hartl was on his own side of the road, and that he did not see Hartl turn off of his own side of the road. Berendt, another witness, who at the time of the accident was riding on the running board of the wrecker, testified that he saw the Hartl car coming, and that it was on its own side of the road; that he did not see the Hartl car turn toward the wrecker; and that as it passed the wrecker it was on its own side of the road. Widder, another witness, who was riding with Wagner in the cab of the wrecker, testified that as the Hartl car approached it was on its own side of the road. It therefore appears without dispute between the only witnesses to the collision that the Hartl car was on its own side of the black line, and that it did not turn toward the wrecker, but continued straight ahead until it collided with the right front wheel of the towed truck. The jury found that Hartl was guilty of no negligence in respect to control. There can therefore be no question as to the duty of the court to change the answer which found the defendant Hartl negligent in respect to the position of his automobile on the highway, and, when that is done, the answers which found causation; and that twenty-five per cent of the total negligence was attributable to Hartl, must be stricken. Upon the

return of the record, the court is directed to change the answers in accordance with the opinion, and to enter judgment on the verdict as so changed in favor of the plaintiff and against the defendant, Edmonds, and Employers Mutual Indemnity Corporation, his carrier. The defendant, Hartl, not having appealed from the order granting a new trial, the order must be affirmed in so far as it grants a new trial to the defendant, Hartl, and the defendant, Edmonds, on Hartl's cross complaint.

*By the Court.*—The order is reversed and cause remanded with directions to enter judgment in favor of the plaintiff and against the defendants, Edmonds and Employers Mutual Indemnity Corporation, in accordance with the opinion; and affirmed as to Hartl and Edmonds.